# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN NORTH #355978 | : | |
| Plaintiff | : | |
| v | : | Civil Action No. L-10-2330 |
| | : | |
| RODERICK R. SOWERS, *Warden* | | |
| | : | |
| Defendant | | |

## MEMORANDUM OPINION

Pending is Defendant's Motion to Dismiss or for Summary Judgment. ECF No. 13. Plaintiff opposes the Motion. ECF No. 19. Also pending is Defendant's Motion for Extension of Time which shall be granted nunc pro tunc. Upon review of the papers filed, the Court finds a hearing in this matter is unnecessary. See Local Rule 105.6 (D. Md. 2010).

### I. Background

Plaintiff alleges on July 20, 2010, at approximately 9:30 a.m., he notified Officer Smoot, who was stationed as the tier officer in his housing unit at Maryland Correctional Institution Hagerstown (MCIH), that the toilet in his cell was leaking and needed to be fixed by maintenance. Plaintiff states he and his cellmate, Thomas Martinez, cleaned the water from the floor twice prior to notifying the tier officer of the problem. At approximately 12:45 a.m., Plaintiff claims another inmate, Tyrone Robinson, summoned him to the door of his cell. When he stood up to walk to the door, Plaintiff slipped on the water that had leaked from the toilet and hit his head on the floor. ECF No. 1 at p. 3.

Robinson left to obtain help for Plaintiff. The medical department was contacted and Sergeant Whiteside came to the scene. Whiteside ordered several inmates to move Plaintiff from

the floor of his cell to a stretcher located outside of his cell. After Plaintiff was put on the stretcher he was carried to the medical department, seen by a nurse and a physician's assistant, and x-rays were taken. As a result of the evaluation Plaintiff was placed on bed-rest for one week and given an ice pack for 48 hours. The maintenance department came to Plaintiff's cell on July 21, 2010, to repair the leaking toilet. ECF No. 1. at p. 4.

Defendant Sowers asserts that Plaintiff fell shortly after reporting the leaking toilet, around noon, on July 20, 2010. He states Plaintiff was seen lying on the floor of his cell by Sergeant Whiteside who asked Plaintiff what had happened and escorted Plaintiff to the medical department to be evaluated for injuries. Whiteside did not witness Plaintiff fall and did not see any water on the floor of the cell. Sowers admits Plaintiff was placed on bed rest for one week and given an ice pack, but claims Plaintiff never filed an Administrative Remedy Procedure complaint ("ARP") regarding the fall. ECF No. 13 at Ex. A, pp. 2 – 4. He further claims there has only been one ARP filed by Plaintiff and it concerns medical treatment received in August 2010. Id. at Ex. B.

## II. Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

2

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**III. Analysis**

The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. See Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. See

3

Booth v. Churner, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. See Jones v. Bock, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner, and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See* Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. See Woodford v. Ngo, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. Id. at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. See Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

Moore v. Bennette, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. See Chase v. Peay, 286 F.Supp.2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. Chase, 582 F. Supp.2d at 530; Gibbs v. Bureau of Prisons, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); Booth v. Churner, 532 U.S. 731, 735, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought

4

intermediate or full administrative review after prison authority denied relief"); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Plaintiff takes issue with Defendant's assertion that he has only filed one ARP and attaches an ARP he filed on January 10, 2011, concerning medical staff speaking about his medical history in front of other inmates. ECF No. 19 at pp. 10 and 11. The Complaint states he had been sent to medical at approximately 9:20 a.m. on January 10, 2011, because he was having trouble breathing. Another ARP he attaches is dated August 25, 2010, and concerns a claim that he was not provided adequate medical treatment for complaints of difficulty breathing and a fever. Id. at p. 12. Neither ARP concerns the incident regarding water on the floor of Plaintiff's cell and his fall.[1] Thus, Plaintiff has not exhausted administrative remedies with respect to the claim raised in the Complaint, therefore, it must be dismissed.

May 5, 2011　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Benson Everett Legg
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] In any event the claim amounts to a "slip and fall" incident which does no raise a constitutional claim.

5